[No. 9968.   Department Two.   May 1, 1912.]

GERARD-FILLIO COMPANY, INCORPORATED, *Respondent*, v. JAMES A. McNAIR *et al.*, *Appellants*.[1]

PLEADINGS—ANSWER—OBJECTIONS—MOTION FOR JUDGMENT.   A motion for judgment on the pleadings is proper practice where the plaintiff's objections to an answer do not go to the form or manner of the allegations, but raise the point that the facts themselves, even if well pleaded, do not constitute a defense.

FRAUDS, STATUTE OF—ORAL MODIFICATION—CONTRACT REQUIRED TO BE IN WRITING—PART PERFORMANCE—ESTOPPEL—BROKERS — COMMISSIONS.   While an agreement to pay a broker's commissions must under Rem. & Bal. Code, § 5289, be in writing, and an executory written agreement therefor cannot be rescinded or abrogated by an oral executory agreement, it may be modified or abrogated by an executed or partly performed oral agreement; and there is sufficient part performance of such an oral agreement to rescind, where it appears that performance of a written agreement to exchange properties and pay commissions was refused because conditions were not met, that, in order to induce the exchange, the contract was orally modified by the broker's agreeing to accept in lieu of the agreed $800 commissions, the sum of $200 in cash and two lots, that the exchange was thereupon effected, the $200 paid, and a conveyance of the lots tendered; the same constituting such partial performance as to estop the other broker from asserting its invalidity.

[1]Reported in 123 Pac. 462.

11—68 WASH.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 28, 1911, in favor of the plaintiff, upon motion for judgment on the pleadings, in an action on contract. Reversed.

*Kerr & McCord*, for appellants.
*Hamlin & Meier*, for respondent.

FULLERTON, J.—The respondent, plaintiff below, brought this action to recover the sum of $600, alleged to be due as a commission for procuring an exchange of certain described properties. The complaint, omitting the formal parts, is as follows:

"(1)    That, at all the times hereinafter mentioned, plaintiff was and is a corporation, duly organized and existing under and by virtue of the laws of the state of Washington, having its principal place of business at Seattle, in said state, and has paid its annual license fee last due, and the defendants were and are a partnership doing business under the firm name and style of McNair & McCallum.

"(2)    That, on or about the 17th day of June, 1910, the defendants herein entered into a written agreement with the above-named plaintiff, a copy of which agreement is hereto attached marked 'exhibit A', and is hereby by reference made a part hereof.

"(3)    That by the said agreement, the said defendants undertook and agreed to pay to this plaintiff the sum of eight hundred dollars, no part of which has been paid, except the sum of two hundred dollars, and there is now due and owing from the said defendants and each of them to this plaintiff the sum of six hundred dollars, with interest thereon from the 17th day of June, 1910, and on four hundred dollars thereof from the 16th day of August, 1910, no part of which has been paid; that demand for the same has been duly made of the said defendants and to pay the same or any part thereof, the said defendants and each of them have refused and still refuse to pay the same.

"(4)    That the said plaintiff has done and performed each and every act and thing required of it to be done and performed under said contract hereinabove referred to and marked 'exhibit A.'

"Wherefore, plaintiff prays judgment against the defendants, and each of them, in the sum of six hundred dollars ($600), together with interest on $200 thereof from June 17th, 1910, and on $400 thereof from the 16th day of August, 1910, and for its costs and disbursements herein incurred."

"Exhibit A.

"This agreement witnesseth, That McNair & McCallum, the owner of the following described property, to wit: Hotel of 124 furnished rooms, together with lease of the building, including furniture and equipment, located at the corner of Seventh and Union, known as the Wilhard Hotel, in the city of Seattle, county of King, state of Washington, subject to a mortgage of $20,000.

"That the party of the first part agrees to exchange the above described property for the following described property: Forty acres, located at Alicel, Union county, Oregon; the northwest ¼ of the northwest ¼ of section 29, township 2, south, range 39, east, W. meridian, northeast of Le-Grande, Oregon, providing property is as represented and satisfactory. An abstract of title to be furnished, certified to date, and ten days allowed for examination thereof. Should abstract disclose incomplete title and the same is not made perfect within thirty days from date, this trade will be null and void, otherwise the trade is to be completed on the terms herein mentioned.

"This contract inures to the benefit of and is binding upon the legal representatives and assigns hereunto, rents, insurances, interest and special assessments to be apportioned upon delivery of deeds or contracts.

"The said McNair & McCallum agrees to pay the Gerard-Fillio Company, Incorporated, a commission of $800; $400 cash, balance 60 days."

To the complaint the appellants filed the following answer:

"Come now the defendants above named and answering the complaint of the plaintiff on file herein, for cause of answer say:

"(1)  They admit the allegations contained in paragraph one of said complaint.

"(2)  They admit the allegation contained in paragraph two of said complaint.

"(3)  Defendants admit that $200 has been paid by de-

fendants to the plaintiff; admit that demand has been made·
upon them by the plaintiff for $600, and admit that they
have refused and do still refuse to pay the same or any part
thereof, and deny each and every other allegation in said
paragraph contained and each and every part thereof.

"(4)   They admit the execution of exhibit 'A' referred to
in paragraph four of the complaint, but deny each and every
other allegation in said paragraph contained, and each and
every part thereof.

"And for a further and affirmative defense, these defend-
ants allege:

"(1)   That on or about the 17th day of June, 1910, the
defendant S. E. McCallum executed and delivered to the
plaintiff the written instrument attached to the complaint and
designated as exhibit 'A'; that under the terms and pro-
visions of said instrument it was represented that the de-
fendants owned the furniture contained in the Wilhard Hotel,
in Seattle, King county, Washington, together with a lease-
hold upon the building in which said furniture was situated.
It was further stated in said instrument that said defend-
ants would receive in exchange for said hotel property forty
acres of land located in Union county, Oregon, provided the
property is as represented and satisfactory; that it was rep-
resented at the time said agreement was entered into between
the parties thereto that the land in Union county, Oregon,
was worth forty thousand dollars ($40,000) over and above
all encumbrances; that upon investigation said land in Union
county, Oregon, was not found to be as represented and was
unsatisfactory to the defendants; that said property was not
worth the sum of forty thousand dollars ($40,000), and was
not worth any sum in excess of twenty thousand dollars
($20,000), subject to a sixteen thousand dollar mortgage,
upon which there was accrued interest of about eleven hun-
dred dollars ($1,100).

"That when defendants ascertained the fact as to the land
in Oregon not being as represented by the plaintiff, defend-
ants then notified the plaintiff that they would not carry out
said agreement and would not exchange the property, in the
event that the plaintiff claimed the commission specified in
the contract and insisted upon its payment.   That the plain-
tiff then consented that the deal might go through without
the payment of any commission other than such commission
as might be satisfactory to the defendants, and that defend-

ants stated to plaintiff they would pay $200 in cash and in addition thereto would give two lots situated in Vandon, Oregon. That defendants have at all times been willing to deed said lots to the plaintiff in satisfaction of said claim for commission, and that defendants have offered to deed said property to plaintiff and have stated that they would make a tender of a deed to said lots, but that the plaintiff has refused to accept the tender of said deed to said lots in Vandon, Oregon. That the defendants are now ready and willing and do now tender into court a deed to said two lots in payment of the balance of the commission agreed to be paid at the time of the exchange of the property mentioned in the contract. That the modification of the agreement of June 17th, 1910, was set aside by mutual agreement of the parties on account of the unsatisfactory quality of the land in Oregon and it was cancelled and abrogated, and a new verbal contract in lieu thereof was entered into between the parties to this agreement, by the terms of which defendants agreed to pay plaintiff in full for all claims for commission in connection with the exchange of said property the said sum of $200 and the two lots in Vandon, Oregon.

"Wherefore, defendants pray that they may be dismissed hence with their costs and disbursements in this action expended."

The reply was as follows:

"Comes now the above-named plaintiff and for its reply to the answer of the defendants herein admits and denies as follows:

"Admits the execution of the written instrument attached to the complaint and marked 'exhibit A,' and the terms of said instrument, and denies each and every other allegation material to the issues herein contained in defendants' further and affirmative defense.

"Wherefore, plaintiff having fully replied, it prays judgment as in its complaint herein demanded."

After the issues had thus been joined, the cause was set down for trial on its merits. On the day fixed for trial, both parties appeared, whereupon the respondent moved for judgment on the pleadings, basing its motion on the ground that the oral modification of the original contract to pay com-

missions was not in writing, and hence was within the statute
of frauds and void.   After argument, the court granted the
motion, and entered judgment in favor of the respondent for
the sum demanded in its complaint.   This appeal followed.

The appellants first suggest a question of practice, con-
tending that the proper way to test the sufficiency of·a plead-
ing is not by motion for judgment on the pleadings.   But
this question was discussed by us in *Hubenthal v. Spokane &*
*Inland R. Co.*, 43 Wash. 677, 86 Pac. 955.   In that case we
said that practice of so moving for some formal defect in
the pleadings which could be cured by amendment was not
to be commended, but that where the motion goes to the sub-
stance of the action or defense and not to the mere form of
the allegation, there was no reason why the practice should
not receive the sanction of courts.   The case at bar falls
within the rule.   The respondent did not object to the form
or manner in which the facts constituting the defense were
set forth, but contends that the facts themselves, considering
them to be well pleaded, do not constitute a defense to its
action.   This being true, and the appellants expressing no
desire to amend by pleading additional facts, the respondent
was entitled to have its motion passed upon by the court.

The second question, whether the verbal contract modify-
ing the original written contract was within the statute of
frauds, is of more difficulty.   In this state a contract em-
ploying an agent to sell or purchase real estate for a com-
mission must be in writing in order to be valid.   Rem. &
Bal. Code, § 5289.   And this court has held that a contract
modifying or abrogating a prior written contract required
by statute to be in writing must itself be in writing to be
obligatory.   *Spinning v. Drake*, 4 Wash. 285, 30 Pac. 82,
31 Pac. 319 ; *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225.
And we have held also that an oral contract for the payment
of a commission for selling or purchasing real estate, al-
though fully performed, is not enforcible.   *Keith v. Smith*,
46 Wash. 131, 89 Pac. 473.   These principles are relied up-

on to support the judgment of the trial court; but it seems to us that they do not meet the question presented. While it is the rule that a written executory agreement to sell or purchase real estate cannot be rescinded or abrogated by an oral executory agreement to rescind or abrogate, it does not follow that such an agreement cannot be modified or abrogated by an executed oral agreement. On the contrary, it is recognized by our own cases above cited, and it is the rule of all the cases in so far as we are advised, that an executed oral contract to modify or abrogate a written contract, required by statute to be in writing, can be successfully pleaded as a defense to an action on the original contract. To hold otherwise is to make the statute of frauds an instrument of fraud; for it would be a fraud to allow a person to enforce a contract which he had agreed on sufficient consideration to modify or abrogate after he has accepted the consideration for its modification or abrogation. It is for this reason that equity allows a performance or a substantial part performance of a contract, invalid because not in writing, modifying or abrogating a valid contract to be pleaded as a defense to an action on the valid contract. To do otherwise would be to allow one of the parties to have the benefit of both contracts when in equity and good conscience he should have the benefit of but one. The case of *Keith v. Smith, supra,* is not contrary to these principles. To allow one entering into an oral contract to sell or purchase real estate on commission to recover his commission merely because he had performed the contract would render nugatory the statute requiring such contracts to be in writing. As was said in the cited case, a claim for commission from its very nature cannot be made until earned, "and to hold that performance would take an action of this character out of the operation of the statute would nullify the statute itself."

Since, therefore, a contract to pay commissions can be abrogated by a subsequently performed or sufficiently partially performed oral agreement, the question remains, was

there such a part performance of the oral agreement set up in the answer as to relieve it from the operation of the statute. We think there was. In substance, the allegation is that the agreement to exchange properties and pay the commissions was subject to certain conditions which were not met; that the appellant therefore refused to perform the contract and so notified the other parties to the agreement; that the respondents, to induce the carrying out of exchange agreed to modify the contract in so far as it affected them by accepting in lieu of the $800 agreed to be paid as commissions the sum of $200 in cash and the conveyance to them of certain lots; that the appellants thereupon effected an exchange of properties as originally agreed upon, and performed the modified contract in so far as they could, that is, they paid the $200 in cash and tendered a conveyance of the lots. This was a substantial part performance. By the promise the respondent not only induced the appellants to pay it the sum of $200, but it induced the appellant to enter into an exchange of properties which it would not have entered into had the modified agreement not been made. As these acts (that is, the payment of the money and the exchange of properties) were done in part performance of the modified agreement, they constitute such a part performance of the modified agreement as will estop the respondent from asserting that it was invalid.

The appellants are entitled to put in their proofs, and to a judgment in their favor if the allegations in the answer be substantiated. The judgment is reversed and remanded for further proceedings.

DUNBAR, C. J., ELLIS, MOUNT, and MORRIS, JJ., concur.