[No. 10417.   Department One.   September 7, 1912.]

OREGON AND WASHINGTON RAILROAD COMPANY, *Appellant*,
v. ELLIOTT BAY MILL & LUMBER COMPANY *et al.*,
*Respondents*, DUNGENESS LOGGING COMPANY,
*Intervener and Respondent*.[1]

LANDLORD AND TENANT—ACTION FOR RENTS—MODIFICATION OF LEASE—EVIDENCE—SUFFICIENCY. A finding that a lease was modified by an oral agreement to allow the lessee to pay rent to a third party, and to remain in possession without payment of rent pending the termination of litigation between the lessor and the third party, will not be disturbed where the evidence is conflicting and the lessee was corroborated by the fact that the lessor continuously refrained from demanding and collecting the rentals, which were paid to the third party, and that the litigation had not been finally determined.

FRAUDS, STATUTE OF—ORAL MODIFICATION OF WRITTEN LEASE—PART PERFORMANCE. The rule that an oral modification of a written lease is void has no application, where it appears that the oral agreement was partially performed by allowing the lessee to remain in possession and pay rent to a third party pending the termination of litigation between the lessor and the third party, and that the lessor subsequently recognized it by forbearance in neither demanding nor collecting rent.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 26, 1911, in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for unlawful detainer. Affirmed.

*Bogle, Graves, Merritt & Bogle*, for appellant.

*Bostwick & Steele* and *Preston & Thorgrimson*, for respondents.

CROW, J.—On March 1, 1909, the Oregon & Washington Railroad Company, a corporation, leased to the Elliott Bay Mill & Lumber Company, a corporation, certain tide land

[1]Reported in 126 Pac. 406.

lots in the city of Seattle, with machinery and improvements thereon, for the term of five years, at the rental of $175 per month for the first year and $200 per month thereafter, rentals payable monthly in advance. At that time the railroad company claimed an interest in the land under a lease from the state of Washington for a longer term, which had been assigned to it. The Elliott Bay Mill & Lumber Company, as lessee, entered into possession and paid all rent due to December 1, 1909, inclusive, but made no further payments. This action of unlawful detainer was commenced in February, 1911, by the railroad company against the lessee and Elliott Bay Lumber Company, a corporation, to recover possession. Thereafter the Dungeness Logging Company, a corporation, intervened, pleading three certain mortgages executed to it by the lessee or its successor on the leasehold estate, improvements, and machinery, and upon certain lumber or logs. On trial the action was dismissed. The plaintiff has appealed.

The following facts appear from the pleadings and evidence: After the execution of the lease above mentioned, to wit, on November 29, 1909, the state of Washington executed and delivered to George Kinnear, Gertrude F. Brawley, and Ella R. Brawley a deed for the tide lands covered by the lease. Immediately thereafter, Kinnear and the Brawleys notified the Elliott Bay Mill & Lumber Company that it must pay rent to them or surrender possession. The controlling and disputed question of fact is whether a valid modification of its original lease as to payment of rent was then made by appellant. Respondents contend that, after the demand of Kinnear and the Brawleys, the Elliott Bay Mill & Lumber Company applied to appellant railroad company for some relief; that in substance the railroad company then agreed that the mill company might pay rent to Kinnear and the Brawleys until certain pending and contemplated litigation between the railroad company and Kinnear and the Brawleys, relative to the rights of the railroad company predicated on

former leases from the state, should be finally adjudicated and determined; that if such litigation should be determined in favor of the railroad company, the mill company should then pay to the railroad company all rentals then past due, and all future rentals according to the terms of its lease from the railroad company, but that until such final adjudication the mill company should suspend payments to the railroad company and should be permitted to make payments to Kinnear and the Brawleys, the mill company thus assuming the risk of making a second payment to appellant; that in accordance with this agreement, the mill company did pay rentals to Kinnear and the Brawleys, who executed and delivered a fifteen-year lease to Arthur Gerbel and R. O. Reed, officers and stockholders of the mill company, and that Gerbel and Reed permitted the mill company to remain in possession. While the mill company was thus in possession under the Gerbel and Reed lease, the intervener, Dungeness Logging Company, acquired its mortgage liens without notice or knowledge of the appellant railroad company's alleged interests. The railroad company had not at that time recorded the lease executed by it to the mill company, nor was it then collecting rents.

The trial judge orally announced his finding that the subsequent contract thus modifying the terms of the original lease from the railroad company to the mill company was made as contended by respondents. Formal written findings were waived by the parties and none were entered. The controlling question before us is whether the evidence sustains the finding thus orally announced. Although the evidence is conflicting we are clearly of the opinion that it preponderates in favor of, and does sustain, the findings and the final judgment. It is undisputed that, for a full year after the making of the alleged contract of modification, the appellant railroad company refrained continuously from demanding or collecting rentals from the mill company under its lease, that during all that time the respondent mill company paid

rentals to Kinnear and the Brawleys, and that it was not shown that the litigation between appellant and Kinnear and the Brawleys has been finally determined. The circumstances and facts all corroborate the contention of respondents.

Some contention is made by appellant to the effect that the contract of modification is void because it was oral, that the original lease was required by law to be in writing, and that any contract of modification to be valid should also be in writing. There were written memoranda of the modification contract, not executed by all the parties. Conceding the contract to have been entirely oral, it clearly appears that it had been partially performed, that respondents ceased paying rent to appellant, and that they did pay to Kinnear and the Brawleys, by whom they were then permitted to remain in possession, a concession which otherwise would not have been made. As the oral modification contract has been partially performed and was recognized by subsequent forbearance of the appellant railroad company, in that it neither demanded nor collected rents, the rule for which appellant now contends can have no application to the facts before us. In *Gerard-Fillio Co. v. McNair*, 68 Wash. 321, 123 Pac. 462, we said:

"While it is the rule that a written executory agreement to sell or purchase real estate cannot be rescinded or abrogated by an oral executory agreement to rescind or abrogate, it does not follow that such an agreement cannot be modified or abrogated by an executed oral agreement. On the contrary, it is recognized by our own cases above cited, and it is the rule of all the cases in so far as we are advised, that an executed oral contract to modify or abrogate a written contract required by statute to be in writing, can be successfully pleaded as a defense to an action on the original contract. To hold otherwise is to make the statute of frauds an instrument of fraud; for it would be a fraud to allow a person to enforce a contract which he had agreed on sufficient consideration to modify or abrogate after he has accepted the consideration for its modification or abrogation. It is for this reason that equity allows a performance or a substantial part performance of a contract, invalid because not

in writing, modifying or abrogating a valid contract to be pleaded as a defense to an action on the valid contract. To do otherwise would be to allow one of the parties to have the benefit of both contracts when in equity and good conscience he should have the benefit of but one."

Further questions raised by appellant we find to be without merit. The controlling issue, one of fact, was rightfully resolved in respondents' favor. The judgment is affirmed.

PARKER, CHADWICK, and GOSE, JJ., concur.