[No. 13196.  Department One.  May 6, 1916.]

## W. G. STONER et al., Appellants, v. R. B. FRYETT et al., Respondents.[1]

PLEADING—AMENDMENTS—AT TRIAL. Under Rem. & Bal. Code, § 303, allowing amendments of any pleadings in furtherance of justice, the discretion of the trial court in allowing amendments will not be disturbed on appeal except for abuse; and it is not an abuse of discretion to allow a trial amendment to an answer without terms, where the plaintiffs objected to a continuance that had been granted on terms to enable them to reply to the amendment.

SPECIFIC PERFORMANCE — PLEADING — JUDGMENT ON PLEADING—EXCHANGE OF PROPERTIES. In an action for the specific performance of a contract for the exchange of properties, the pleadings do not entitle plaintiff to judgment on the theory that defendants are shown to be willing to make the exchange, where it appears that plaintiffs were unable to perform at the time of the readiness of the defendants, that the parties then verbally rescinded, and defendants had since improved their property and changed their position on account of the verbal rescission.

[1]Reported in 157 Pac. 213.

EXCHANGE OF PROPERTIES—RESCISSION—ACTING ON VERBAL RESCIS-
SION—EVIDENCE—SUFFICIENCY. Plaintiffs are not entitled to specific
performance of a contract for the exchange of properties free of
incumbrances, where they were unable to remove tax liens from
their property while defendants were ready and able to make the
exchange, and thereupon the contract was verbally rescinded, the
defendants rented plaintiffs' property and paid monthly rent thereon
and made improvements upon their own property and were there-
after unwilling to make the exchange; since the conduct of plain-
tiffs may be shown in defense, even if the verbal rescission was of
no effect.

Appeal from a judgment of the superior court for Kitsap
county, French, J., entered September 8, 1915, upon find-
ings in favor of the defendants, in an action for specific per-
formance, tried to the court. Affirmed.

*R. A. Mackey* (*E. B. Herald* and *John W. Whitham*, of
counsel), for appellants.

*Bryan & Colvin*, for respondents.

MOUNT, J.—This action was brought to compel specific
performance of a contract for the exchange of real estate.

On January 25, 1915, the plaintiffs were the owners of
two lots, in the town of Toppenish, and the defendants were
the owners of a house and lot in the town of Bremerton. On
that date, they entered into a written contract for the ex-
change of their properties. The agreement provided that
each party should furnish to the other an abstract of title
and, within ten days thereafter, clear up any defects in their
titles.

The plaintiffs allege in their complaint that they delivered
to the defendants an abstract of title to their property, and
that such defects as the defendants pointed out have been
cleared up by the plaintiffs, and that the defendants there-
after refused to comply with the contract. For answer, the
defendants admitted the contract but denied that the plain-
tiffs delivered an abstract of title, and denied that the plain-
tiffs corrected the defects which were pointed out, and denied
that the plaintiffs tendered performance.

Upon these issues, the case was tried to the court without a jury. When the plaintiffs had introduced their evidence in chief, the defendants asked leave of the court to amend the answer by alleging that the plaintiffs at no time had remedied the defects in their title, for the reason that it was incumbered by tax liens to the amount of more than $400; that they have been unable to remove these tax liens, and that the plaintiffs and the defendants agreed to rescind the contract for the exchange of the properties; that the defendants, acting upon that agreement to rescind, made material improvements upon their property, and by reason thereof were not required to complete the exchange. The plaintiffs objected to this amendment. The court ruled that it would not permit the amendment, except upon the imposition of terms, and would then continue the case to give the plaintiffs an opportunity to reply to the proposed amendment. The plaintiffs thereupon objected to the continuance, and the court permitted the amendment without terms.

After hearing all the evidence, the court found as facts that the contract had been entered into as alleged, and that the defendants had obtained an abstract of title to their property showing clear title in the defendants, and had executed a deed to the plaintiffs and offered to deliver the same to the plaintiffs upon the plaintiffs' paying the taxes due upon their property at Toppenish; that at that time the plaintiffs stated they could not pay the taxes, and that the parties thereupon agreed that the contract of exchange should be abrogated; whereupon the defendants returned the plaintiffs' abstract of title, destroyed the deed which the defendants had executed, and thereafter rented the property in Toppenish from the plaintiffs at a rental of $50 per month, and had paid that rental from that time on until the trial of the case. The court also found that the defendants, relying upon the verbal agreement to rescind the contract of exchange, had made improvements upon their property in Bremerton, and had entered into an agreement to mortgage the same to third

parties.  Upon these findings, the trial court entered a decree rescinding the agreement and denying to the plaintiffs specific performance.  The plaintiffs have appealed from that judgment.

The appellants argue, first, that the court erred in permitting the amendment to be made to the answer at the time it was allowed.  The statute provides, at Rem. & Bal. Code, § 303 (P. C. 81 § 295):

"The court may, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings  .  .  ."

This court has frequently held that the power of the court to allow an amendment to a pleading is largely discretionary, and its exercise will not be reviewed except for abuse of that discretion.  The authorities are cited in the foot notes to that section.  We are satisfied there was no abuse of discretion in this case.

It is next argued that the court erred in refusing to grant the motion of the plaintiffs for judgment upon the pleadings.  It is argued by the appellants that the pleadings show a readiness on the part of the defendants to make the exchange, and therefore the court should have enforced specific performance.  We fail to find any such concession in the pleadings.  The evidence upon the trial was that the defendants were ready and anxious to make the exchange at the time the verbal agreement to rescind was made; but, after that time, having made improvements upon their property and having leased the plaintiffs' property upon a month to month tenancy, that they were not then required, and did not then desire, to make the exchange.  Under these circumstances, we are satisfied that the court properly denied the motion for judgment upon the pleadings.

It is next contended that the court erred in admitting certain depositions.  The substance of these depositions is that the plaintiffs stated to these witnesses that the contract of exchange between the appellants and the respondents had

been rescinded. This was a material point in the case. It is argued by the appellants that the rescission was a verbal rescission, and that an oral rescission of a contract to purchase real estate is of no effect. The general rule seems to be that,

"An executory contract for the sale of land may be rescinded by mutual consent of the parties, either by novation or simple agreement, where they continue to occupy their original relations. And the agreement may be by parol as well as in writing, and may be implied as well as express." 39 Cyc. 1355.

However the rule may be in this regard, it is not necessary to determine in this case whether an executory contract for the sale of real estate may be rescinded by parol agreement. In the case of *Gerard-Fillio Co. v. McNair*, 68 Wash. 321, 123 Pac. 462, we said:

"While it is the rule that a written executory agreement to sell or purchase real estate cannot be rescinded or abrogated by an oral executory agreement to rescind or abrogate, it does not follow that such an agreement cannot be modified or abrogated by an executed oral agreement. On the contrary, it is recognized by our own cases above cited, and it is the rule of all the cases in so far as we are advised, that an executed oral contract to modify or abrogate a written contract, required by the statute to be in writing, can be successfully pleaded as a defense to an action on the original contract. To hold otherwise is to make the statute of frauds an instrument of fraud; for it would be a fraud to allow a person to enforce a contract which he had agreed on sufficient consideration to modify or abrogate after he has accepted the consideration for its modification or abrogation."

In this case, the trial court found, as a matter of fact, upon evidence amply sufficient, that, after these parties had mutually agreed to rescind the contract, they entered into a contract of lease from month to month for the Toppenish property, at the rate of $50 per month. Upon the strength of this agreement, the respondents went into possession of the property and paid the rent for a number of months.

Furthermore, the court found that, relying upon this oral rescission, the respondents made material improvements upon the property in Bremerton; and also had entered into a contract to borrow money thereon. It is too plain for argument that, under these circumstances, the appellants cannot now enforce the contract of exchange, because the respondents, relying upon the oral rescission, have made betterments upon their property and otherwise changed their position.

The last assignment of error is to the effect that the trial court should have entered an order requiring specific performance of the contract. From what we have said above, it follows that there is no merit in this contention.

We find no error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.