[No. 13667.  Department One.  February 6, 1917.]

C. E. WOOLEN, *Appellant*, v. SAMUEL SLOAN, *Respondent*.[1]

FRAUDS, STATUTE OF—INTEREST IN LAND—OPTION—ORAL RESCISSION—PART PERFORMANCE.  An option for the sale of real estate, required by the statute of frauds to be in writing, cannot be abrogated by a subsequent oral contract, unless accompanied by acts of part performance; hence an executory oral agreement to rescind the option and refund the option money if the property should be sold is unenforceable.

SAME.  It is not a sufficient part performance of such a contract to take it out of the operation of the statute of frauds that the holder made efforts to sell the property, where the option was not exercised within the time limited, the efforts to sell were unsuccessful, a note given for the option money was paid up after the lapse of the option, and the situation of the parties was not changed to the advantage or disadvantage of either.

LANDLORD AND TENANT—RENT—IMPLIED AGREEMENT — EVIDENCE.  There is no implied agreement to pay rent for a dwelling occupied by an elderly couple for a period of seven years, where it appears that $1,100 of their money was invested therein, that it was purchased for a home for them as long as they lived together, without any intention of charging them rent at the time they moved in or during the time they occupied it provided they continued to live there.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 22, 1916, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Ryan & Desmond*, for appellant.

*E. H. Guie* and *Tucker & Hyland*, for respondent.

MAIN, J.—In the complaint in this case, two causes of action are stated separately.  By the first, it is sought to recover money paid for an option upon real estate; by the second, to recover rent for a dwelling house, covering a period of approximately seven years.  The cause was tried to the

[1]Reported in 162 Pac. 985.

court and a jury. The verdict was in favor of the plaintiff upon both causes of action. After the verdict was returned, a motion was made for judgment notwithstanding the verdict. This motion was sustained by the trial court, and a judgment entered dismissing both causes of action. From the judgment thus entered, plaintiff appeals.

The facts, stated generally, are these: On the 29th day of April, 1902, the respondent and one Artimisia Roberts were united in marriage. At the time of this marriage, both parties thereto were well past middle life. Mrs. Sloan, at the time, had a grown son by a former marriage, who is the appellant here. At the time Mr. and Mrs. Sloan were married, the former had a tract of land consisting of about seventy-three acres, located in the Duwamish river valley, near the city of Seattle, and other property. Sometime subsequent to the marriage, Mr. Sloan conveyed to Mrs. Sloan a lot which he owned. This lot was thereafter sold by the appellant for the sum of sixteen hundred dollars, and eleven hundred dollars of this sum was invested in a property upon which there was a small dwelling house, and the title thereto taken in the name of the appellant. During the month of February, 1907, Mr. and Mrs. Sloan began to occupy the property thus purchased, and continued to occupy the same until sometime during the month of September, 1914. On the 28th day of September, 1914, the marriage of Mr. and Mrs. Sloan was annulled. On the 30th day of March, 1912, the respondent and the appellant entered into a contract in writing by which the respondent sold to the appellant an option of purchase of the seventy-three acres of land above mentioned, for the period of ninety days. For the option, the appellant agreed to pay the sum of one thousand dollars. The payment of this sum was evidenced by a promissory note of even date with the contract. The appellant permitted his option to lapse, or, as he claims, to be rescinded. On March 26, 1914, the respondent sold a portion of the seventy-

three-acre tract mentioned, and in August following, sold the remaining portion, with the exception of a few acres. The complaint in the present action was filed in the clerk's office on June 15, 1915. Other facts will be mentioned in connection with the consideration of the alleged cause of action to which they may be particularly pertinent.

The first question is whether the trial court rightly granted a judgment notwithstanding the verdict as to the cause of action based upon the option money. The appellant admits the execution of the contract and the note, as well as the payment of the note, but claims that, after the option contract was entered into and during the ninety-day period covered by the option, the parties thereto orally rescinded the contract, and that the respondent agreed that, if he subsequently sold the property, he would repay the option money, together with interest thereon. The option contract, being for real estate, of course was required by the statute of frauds to be in writing. A contract which the statute requires to be in writing cannot be abrogated or rescinded by a subsequent oral contract, unless such oral contract is accompanied by acts of part performance sufficient to remove the requirement that it shall be in writing. *Spinning v. Drake*, 4 Wash. 285, 30 Pac. 82, 31 Pac. 319; *Gerard-Fillio Co. v. McNair*, 68 Wash. 321, 123 Pac. 462; *Oregon & Washington R. Co. v. Elliott Bay Mill & Lumber Co.*, 70 Wash. 148, 126 Pac. 406; *Stoner v. Fryett*, 91 Wash. 89, 157 Pac. 213; *Thill v. Johnston*, 60 Wash. 393, 111 Pac. 225.

In the case last cited, it was said:

"Counsel for appellants invoke the general rule that a written contract may be abrogated or modified by a subsequent parol contract made between the same parties, citing, *Tingley v. Fairhaven Land Co.*, 9 Wash. 34, 36 Pac. 1098. This rule, however, does not authorize the abrogating of a contract by a new parol contract when the original contract is by law required to be in writing. Such a contract cannot be abrogated or rescinded by a parol contract, except such new parol contract is accompanied by acts of part perform-

ance sufficient to take it out of the requirement of the law that it shall be in writing."

The question here then is whether, under that rule, the evidence is such that the jury had a right to conclude that facts had been proven which showed a part performance of the alleged oral agreement to rescind, sufficient to remove the bar of the statute. Upon the question of the oral rescission, the evidence is conflicting, and where the evidence is conflicting, for the purposes of the present question, that of the appellant must be assumed to be true. Relative to the oral rescission of the written contract, the appellant testified:

"Q. What was that agreement? A. Well, if he sold the place, he was to give me the thousand dollars back. Q. What was he to do in the meantime, if anything, regarding the sale of the property, selling the property? A. Well, he was trying to sell the property. Q. What about your exclusive option to purchase it? A. We just dropped that. The option, we supposed that was dropped. . . . . Q. What do you mean by 'dropped,' Mr. Woolen? Just explain to the jury what you mean that 'you dropped that'? A. Well, he had a mortgage on his place and he wanted to sell his place and I wanted to do the best I could do for him, and so we both started in to sell the place. He was trying to sell it, and I was. Q. So it was not any longer a question of your buying it. A. No."

During the ninety-day period, the respondent, without success, negotiated for the sale or trade of the property. The appellant continued to try to sell it, but no sale was effected within the ninety days, or at all, until the time above mentioned. After the ninety-day period had expired, the appellant, from time to time, made payments upon the promissory note, given for the option, until the same was fully paid. There is no evidence that the contract was taken up and destroyed, or rescinded, other than in the manner testified to by the appellant. The return of the note was at no time demanded, and payments thereon after the ninety days, were voluntarily made. Under these facts, there is

nothing to justify the conclusion that the respondent is estopped from asserting that the alleged oral agreement is within the statute of frauds. The fact that the respondent may have attempted to sell the property worked neither an advantage to him nor a disadvantage to the appellant. Contracts which the statute required to be in writing cannot be thus lightly overturned. The evidence does not show a part performance sufficient to take the case out of the requirement of the law that such contracts shall be in writing.

The next question is whether the court erred in granting a judgment notwithstanding the verdict as to the second cause of action. In support of this cause of action, there was no evidence of an express agreement to pay rent. The question, then, is whether there was sufficient evidence to justify the inference that there was an implied agreement to pay rent. In the property for which rent was sought to be recovered, there was invested eleven hundred dollars which was received from the lot which Mr. Sloan had conveyed to Mrs. Sloan. During the seven years that the Sloans occupied the property, there had been no claim or demand for rent. The appellant testified that he did not expect to charge the Sloans any rent so long as they lived there together, and that "I bought that home for them." The first claim or demand for rent was asserted after the Sloans had separated, and Mr. Sloan had left the house in which they had been living. The appellant, at the time the Sloans moved into the property, did not intend or expect to charge them rent. During the seven years that they occupied it, he did not intend or expect to charge them rent, provided they continued to live there.

We think the evidence not sufficient to justify an inference that there was an implied agreement to pay rent.

The judgment will be affirmed.

ELLIS, C. J., HOLCOMB, CHADWICK, and MORRIS, JJ., concur.