[No. 14801. Department One. July 31, 1918.]

WILLIAM McKAY et al., Respondents, v.
HENRY MEYER et al., Appellants.[1]

FRAUDS, STATUTE OF—ORAL AGREEMENT TO RESCIND SALE OF LAND —EXECUTED CONTRACT. An oral rescission of a contract for the sale of lands is fully executed and taken out of the ban of the statute of frauds, where the vendee, in default, surrendered possession to the vendors, who returned the notes for the purchase price and maintained hostile possession.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered October 19, 1917, upon findings in favor of the plaintiffs, in an action to quiet title. Affirmed.

*G. E. Lovell,* for appellants.
*Adams & Naef,* for respondents.

TOLMAN, J.—This action was brought to quiet title, based on the abandonment and surrender by appellants of a bond for a deed, and on adverse possession, resulting in a decree quieting respondents' title as prayed for, from which decree the appeal is taken.

There is but little controversy as to the facts. In the year 1903, respondents, who were then the owners of the land in question, contracted to sell the same to appellants for the sum of $3,507, and gave their bond for a deed conditioned for the conveyance of the title to appellants when the purchase price should be fully paid, taking back notes evidencing the deferred payments, which contract was never recorded. Appellants went into and held possession of the lands under this contract until the fall of 1908, having up to that time paid $807 on the purchase price, and leaving then due and unpaid the principal sum of $2,700, with five years'

[1]Reported in 174 Pac. 13.

accumulated interest, making a total of more than the original purchase price. Respondents being dissatisfied with this condition, demanded of appellants' their money or the land; and here the parties differ as to just what took place. But giving the appellants the benefit of the doubt, it appears that the bond for a deed or contract passed into the possession of respondents, who surrendered the notes to the appellants, and at once entered into the possession of the land, and have ever since been in the undisputed possession, claiming full legal and equitable title as against the appellants and all the world, and have paid the taxes since so taking possession.

The appellants now contend that the respondents are nothing more than mortgagees in possession, seek an accounting of the rents and profits, and offer to pay the balance found to be due upon the purchase price after the crediting of the rents and profits.

While it has been said by this court in *Taylor v. Interstate Inv. Co.,* 75 Wash. 490, 135 Pac. 240, that the seller, under a bond for a deed, retains the title to secure the payment of the purchase money, and may be likened to a mortgagee, yet that cannot help the appellants in this case, because the respondents did not take possession as such mortgagees. When the contract was taken up by the respondents under their demand for the money or the land, and the notes were surrendered, the appellants knew that the respondents were asserting rights which were hostile to them, and such fact, coupled with the change of possession, gave them as complete notice of the hostile claim as can well be conceived. That appellants should have acquiesced in the taking up of the contract and the taking possession of the land for all of the succeeding years until the bringing of this action, can be explained only upon

the theory that, being in default and unable to pay, they willingly surrendered their interest in the land in consideration of the surrender of their notes and the cancellation of their indebtedness.

An executory contract for the sale of land may be rescinded by mutual consent. Such rescission may be oral if there is a sufficient part performance to take it out of the ban of the statute of frauds. *Spinning v. Drake*, 4 Wash. 285, 30 Pac. 82, 31 Pac. 319; *Stoner v. Fryett*, 91 Wash. 89, 157 Pac. 213; *Woolen v. Sloan*, 94 Wash. 551, 162 Pac. 985. In this case, there was full performance, and the oral agreement to rescind was fully executed by the surrender of the contract upon the one hand, and of the notes upon the other, followed by the change of possession. The appellants' interest in the land wholly ceased upon such surrender and abandonment of their interest in the land.

The judgment of the trial court is abundantly supported by the evidence, and must be affirmed.

MAIN, C. J., PARKER, MITCHELL, and FULLERTON, JJ., concur.