[No. 868.   Decided July 11, 1893.]

J. M. NICHOLS AND L. E. HANDLEY, *Appellants*, v. AL-
BERT OPPERMANN *et al.*, *Respondents*.

CONTRACT FOR CONVEYANCE OF LANDS — PAROL EVIDENCE.

Parol evidence is not admissible to show the terms and condi-
tions upon which deeds for the exchange of lands had been left with
a third person, when such deeds had not been delivered in escrow,
and there was no written contract for the conveyance of the lands.
( HOYT, J., dissents.)

*Appeal from Superior Court, Pierce County.*

*Taylor & McKay*, for appellants.

*Doolittle & Fogg*, and *John P. Cass*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—Plaintiffs allege that they had entered into
an agreement with certain of the defendants for an exchange
of lands, and they brought this action to enforce a specific
performance.   Judgment was rendered for the defendants,
and the plaintiffs appealed.   Deeds had been prepared and
signed by the respective parties, and deposited with John
P. Cass, one of the defendants, who was the general legal
adviser and attorney for the others.   The complaint did
not allege whether the contract was in writing or by parol.
The answer of the defendants denied the allegations of the
complaint, and by way of affirmative defense the answer
of some of the defendants admitted that there had been
negotiations between them and the plaintiffs looking to an
exchange of lands, but denied that they had ever agreed
upon the terms thereof.   It was claimed that the deeds
had been prepared as a matter of convenience and to avoid
unnecessary delay in case said defendants should agree to
such exchange after an inspection of the lands to be con-

veyed to them by the plaintiffs.   There were other conditions also connected with said negotiations, which it will be unnecessary to notice.

Appellants complain of certain rulings of the court preventing them from offering testimony to show the various talks and conversations of the parties prior to, but leading up to, the signing and deposit of the deeds.   The general proposition is admitted that an oral contract to convey real estate cannot be enforced, but it is claimed by appellants that in this instance the defendants waived the point that the contract was not in writing by virtue of their pleadings.   We are unable to agree with appellants' contention in this regard.   The contract alleged was squarely denied in the answers, and in the affirmative matter set up it was not admitted that any contract had been made.

It is further contended by the appellants that the deeds were left with said John P. Cass to be delivered to the appellants upon the satisfaction of a mortgage by them upon the land to be conveyed to defendants, and that as the deeds were signed and deposited with a third person, parol proof might be made of the contract otherwise.   The condition upon which a deed is delivered in escrow may rest in and be proved by parol.   This is as far as the rule extends, and it presupposes a valid contract to convey.

Our statute, § 1422, Gen. Stat., reads:

"All conveyances of real estate, or of any interest therein, and all contracts creating or evidencing any encumbrance upon real estate, shall be by deed."

To constitute a deed there must be a delivery to the grantee personally or to some third person for him.   A deposit of a deed with a third person to be delivered to the grantee upon the happening of some future *certain* event has been held sufficient to constitute the deed an escrow, and control of it in such a case has passed out of the grantor's hands.   But where the happening of the event

is uncertain or where the grantor retains or reserves control over the instrument, it is not an escrow.    Nor is such an undelivered deed evidence of a valid contract to convey, for it is essential that the writing required by the statute be delivered.    Where there exists a previous valid contract to convey, the conditions upon which the deed is deposited may rest in and be proved by parol.

In the case of *Thayer v. Luce*, 22 Ohio St. 62, where the deed was retained by the grantor, the terms upon which it was to be delivered were evidenced by a contract in writing which was delivered, which, however, was not full and explicit, and the deed was resorted to for the purpose of aiding it.

In the case at bar there was no written contract to convey the lands, nor had possession thereof been transferred so as to constitute a part performance of a parol contract to render it valid.    Even if a case could be found sustaining the plaintiff's contention here—which we very much doubt—it is evident that the overwhelming weight of authority is against it, and the evidence offered of the various talks between the parties to prove the contract alleged was incompetent for such purpose, and was properly excluded. *Bonham v. Craig*, 80 N. C. 224; *Campbell v. Thomas*, 42 Wis. 437; *Popp v. Swanke*, 68 Wis. 364 (21 N. W. Rep. 916); *Fitch v. Bunch*, 30 Cal. 209; *Wier v. Batdorf*, 24 Neb. 83 (38 N. W. Rep. 22).

Judgment affirmed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J.—I dissent.    I think the negotiations between the parties should have been allowed to be shown as tending to explain the conditions upon which the deeds were to be delivered.