[No. 1437. Decided November 17, 1894.]

J. F. Brewer, *Respondent,* v. J. F. Cropp, *Appellant.*

PARTNERSHIP—CONVEYANCE OF PARTNERSHIP REALTY—PAROL EVIDENCE.

The statute ( Sec. 1422, Gen. Stat.) requiring contracts for the conveyance of land or of an interest therein to be by deed is applicable to agreements between partners for the transfer of partnership lands from one to the other.

In an action for the recovery of money, which is based upon a parol contract between partners for the sale of partnership land, parol evidence is inadmissible for the purpose of establishing the terms of the contract.

*Appeal from Superior Court, Walla Walla County.*

*B. L. & J. L. Sharpstein,* for appellant.

The parol evidence offered was not admissible to show the contract for the conveyance or transfer of appellant's interest in the land. Furthermore as the only evidence of any contract up to the time appellee rested his case was this parol evidence, and as a parol contract for the transfer of an interest in real estate is not binding upon anyone, the plaintiff was not, at the time he paid the money and took the deed, entitled, as a matter of right, to the delivery of the deed at all, and therefore he cannot recover any money paid by him to procure its delivery. *Nichols v. Oppermann,* 6 Wash. 618; *Liddle v. Needham,* 39 Mich. 147; *Spinning v. Drake,* 4 Wash. 285; *Scott v. Bush,* 26 Mich. 418.

*Thomas & Dovell,* for respondent.

For the purposes of the payment of debts and adjustment of partnership accounts, real estate is treated as personalty. *Dupuy v. Leavenworth,* 17 Cal. 263; *Moran v. Palmer,* 13 Mich. 367; *Godfrey v. White,* 43 Mich. 171; *Murrell v. Mandlebaum,* 19 S. W. 881; *Chester v. Dickerson,* 64 N. Y. 1; *Davis v. Smith,* 2 South. 897; *Pepper v. Thomas,* 4 S. W. 297; *Allen v. Withrow,* 110 U. S. 119; *Moderwell v. Mullison,* 21 Pa. St. 257; *Morrill v. Colehour,* 82 Ill. 618; *Black v. Black,* 15 Ga. 445; *Rovelsky v. Brown,* 9 South. 182.

The opinion of the court was delivered by

Scott, J.—Plaintiff, defendant and two other persons purchased a tract of land in Seattle for speculative purposes and incurred an indebtedness therefor. The land was platted

as an addition to the City of Seattle, and the purpose was to sell it as city lots.

Plaintiff contends that subsequent to this time he entered into an arrangement with the other three parties whereby he was to pay or assume the indebtedness aforesaid and to pay each of said parties $2,000 profit on the investment, and in consideration whereof they were to convey to him their interest in the land. The original conveyance was to all of them. He further contends that at considerable expense and trouble he raised the money to carry out the terms of said last agreement, having to hire a portion of it, and that after he had obtained it the defendant refused to comply therewith, unless he would pay him $800 additional; and that, to avoid further and serious loss, he was compelled to pay it and did so under protest. This action was brought to recover said sum. A trial was had which resulted in a verdict and judgment for the plaintiff, whereupon the defendant appealed.

It is conceded that neither of the agreements between said parties, relating to the original purchase of the land and the subsequent sale thereof to the plaintiff, as aforesaid, were in writing; and upon the trial the defendant interposed an objection to the proof upon this ground; which objection was overruled and an exception taken. All the matters material to this question were in issue under the pleadings. The defendant also moved for a non-suit upon said ground, when the plaintiff rested, which was denied. A deed to the plaintiff had been signed by the defendant and the two other parties, and deposited in the Puget Sound National Bank, subject to the order of one of the grantors, and the bank had no authority or instructions to deliver the deed to the plaintiff.

Plaintiff's contention is that the original agreement entered into between said parties was a partnership one with respect to said real estate, and he contends that in consequence thereof said real estate was personal property and that the alleged parol agreement whereby the same was to be conveyed to him, as aforesaid, was binding. It is conceded that the limits of said business were to be confined to the property in question and for the purpose aforesaid.

There is some question as to whether a partnership relation between said parties was proven, but for the purposes of this case we will consider it as established, and pass to a consideration of the main point in controversy, which is whether or not an oral contract to convey partnership land is valid. None of the cases cited by the respondent are directly in point ; the one most nearly so is *Morrill v. Colehour*, 82 Ill. 618. In that case the legal title to land had been taken in the name of one of the parties only, and he entered into a written agreement with the others that they should share in the profits arising from sales. The court held that an oral agreement, whereby said last parties were to abandon all claims in the premises in consideration of being released from liability on the purchase money, was binding.

The other cases cited by the respondent go no further than to hold that one partner may, within the scope of the partnership business, execute a written contract in the name of the firm, to convey partnership real estate, which will bind the firm. While the real estate owned by the partnership is regarded as personal property for some purposes, it is an equitable conversion only, and the requirements of the law relating to conveyances of land must be observed in disposing of it. Parsons, Partnership (4th Ed.) §§ 269, 270, 272; *Davis v. Christian*, 15 Grat. 11 ; *Platt v. Oliver*, 3 McLean, 27 ; *Moreau v. Saffarans*, 35 Tenn. 596 (67 Am. Dec. 582); *Miller v. Proctor*, 20 Ohio St. 442.

An oral contract to convey real estate is not binding here, *Nichols v. Oppermann*, 6 Wash. 618 (34 Pac. 162), and we see no reason to exempt partnership lands from this rule. Every reason which supports such a holding as to the transfer of real estate by an individual applies with equal force to lands held by a partnership.

The objection to the proof was well taken, and the motion for a non-suit should have been granted. Consequently, the judgment is reversed, and the cause remanded with instructions to dismiss the action.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.