[No. 9157.   Department One.   October 27, 1910.]

WILLIAM THILL, *Respondent*, v. ADAM JOHNSTON *et al.,*
*Appellants.*[1]

SPECIFIC PERFORMANCE—CERTAINTY—LOGS AND LOGGING—SALE OF TIMBER—TIME FOR REMOVAL. A land and timber contract is sufficiently certain, as fixing the time for the removal of timber at the end of eight years, to authorize specific performance thereof, where the clause giving the grantee of the timber six years for removal is immediately followed by a provision that the owner of the land is not to clear the lands among the merchantable fir and cedar timber until after six years, and that all timber on said premises at the end of eight years from date shall revert to the owners of the land.

FRAUDS, STATUTE OF—INTEREST IN LAND—SALE OF TIMBER. An oral agreement abrogating a written contract for standing timber is void, as it involves an interest in land which must be in writing.

FRAUDS, STATUTE OF—INTEREST IN LAND—PART PERFORMANCE—PAYMENT. Payment of the consideration of an oral contract for an interest in land is not such a part performance as to take the case out of the operation of the statute of frauds.

Appeal from a judgment of the superior court for Thurston county, McMaster, J., entered February 11, 1910, upon findings in favor of the plaintiff, after a trial on the merits

[1]Reported in 111 Pac. 225.

before the court without a jury, in an action for specific performance. Affirmed.

*Thomas M. Vance* and *Harry L. Parr*, for appellants.

*Troy & Sturdevant*, for respondent.

PARKER, J.—This is an action to enforce specific performance of the following contract:

"This agreement executed in duplicate this 2d day of November, 1903, by and between William Thill, party of the first part, and Adam Johnston and Matilda Johnston, parties of the second part, all of Thurston county, Washington, witnesseth:

"That whereas on November 2d, 1903, party of the first part and party of the second part, Adam Johnston, agreed to purchase the following described property to wit: E½ of NE¼ and N½ of SE¼ section 14, township 16 north, range 2 west, W. M., in Thurston county, Washington, from James Swan and Stella M. Swan, husband and wife, the purchase price being eight hundred dollars ($800) in said contract, three hundred dollars ($300) of which was paid down and the remaining five hundred dollars ($500) to be paid on or before November 2d, 1907, according to the terms of said contract; and

"Whereas, party of the first part and party of the second part Adam Johnston each paid one hundred and fifty dollars ($150) of said three hundred dollars ($300) paid down on said contract,

"Now, Therefore, it is mutually agreed between the party of the first part and parties of the second part that the party of the first part is to have the said land above described, and parties of the second part are to have all the merchantable timber on the said land. Parties of the second part are to have six years within which to remove said timber from said premises. Party of the first part agrees for a period of six years not to clear land in and among said merchantable fir and cedar timber. After six years from date party of the first part is to have the right to clear land within the area covered by said merchantable fir and cedar timber. All timber on said premises at the end of 8 years from date is to revert to and become the property of party of first part. Party of the first part is to pay two hundred and fifty dollars

($250) of the remaining portion of the purchase price of said premises on the said contract with said James Swan and Stella M. Swan and parties of the second part are to pay two hundred and fifty dollars ($250) of said purchase price on said contract. If said parties of the second part remove said timber at any time before November 2d, 1907, at such time they are to pay said two hundred and fifty dollars ($250) required to be paid by them upon said contract with said James Swan and Stella M. Swan. At time deed of said premises is received from said Swans, parties of the second part will deed their interest in land to party of first part, reserving timber therefrom, but if timber is removed before deed from Swans then parties of second part will deed same premises to party of first part at such time.

"In witness whereof the parties hereto have hereunto set their hands and seals this 2d day of November, 1903.

"Witnesses:                William Thill          (Seal)
  "P. M. Troy.                      Party of the first part.
  "A. J. Falknor.             Adam Johnston       (Seal)
                             "Matilda Johnston    (Seal)
                              "Parties of the second part."

The execution of this contract was duly acknowledged by all the parties. The deed from Swan and wife having been given conveying the land to the parties to this contract, the plaintiff demanded of the defendants a deed in compliance with its terms, and the defendants having refused to make such deed, this action followed. A trial before the court resulted in a decree in favor of the plaintiff, in substance directing a conveyance of the defendants' undivided one-half interest to the plaintiff, reserving to the defendants all the merchantable timber on the land with the privilege of removing the same at any time on or before November 2, 1911, that being the date of the expiration of the eight years specified in the contract. From this disposition of the cause, the defendants have appealed.

It is contended in behalf of appellants that the contract is too uncertain in its terms to entitle respondent to a decree of specific performance, in that the time for the removal of the timber is uncertain. Passing the question of such uncertainty

rendering the contract unenforcible, we think that, in view of all the provisions of the contract relating to the removal of the timber, it can readily be seen that the parties intended the appellants to have eight years for that purpose without forfeiture of their rights to the timber.  The six-year clause standing alone would seem to indicate otherwise, but following that clause are the words: "After six years from date party of the first part is to have the right to clear land within the area covered by said merchantable fir and cedar timber." These words clearly indicate that the appellants were still to have some right on the land after the expiration of the six years named, and by the language following this clause of the contract it is evident that such right consisted of the right to the timber for two years longer subject to this clearing right.  This necessarily gave them the right to go upon the land and remove the timber during that time.  We are of the opinion that the contract is sufficiently certain to warrant a decree of specific performance.

It is contended that the learned trial court erred in not permitting the appellants to show that this contract was abrogated by a new contract.  The offers of proof on this subject consisted only of oral testimony tending to show that the parties had abrogated the contract by making a new one.  No competent evidence was offered to show that any new contract having any effect upon the original one was made in writing. This original contract being for the conveyance of an interest in real property, it was, of course, required by law to be in writing.  *Nichols v. Opperman*, 6 Wash. 618, 34 Pac. 162; *Brewer v. Cropp*, 10 Wash. 136, 38 Pac. 866; *Swash v. Sharpstein*, 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796; *Graves v. Graves*, 48 Wash. 664, 94 Pac. 481.

Counsel for appellants invoke the general rule that a written contract may be abrogated or modified by a subsequent parol contract made between the same parties, citing, *Tingley v. Fairhaven Land Co.*, 9 Wash. 34, 36 Pac. 1098. This rule, however, does not authorize the abrogating of a

contract by a new parol contract when the original contract is by law required to be in writing. Such a contract cannot be abrogated or rescinded by a parol contract, except such new parol contract is accompanied by acts of part performance sufficient to take it out of the requirement of the law that it shall be in writing. *Spinning v. Drake*, 4 Wash. 285, 30 Pac. 82, 31 Pac. 319.

It is suggested that the offers of proof included a showing of part performance of the new contract. The only acts of part performance which we regard as at all referable to the new contract sought to be shown was payment of the consideration therefor, but this of itself is not sufficient to take the place of the requirement of the law that such contract shall be in writing. *Chamberlain v. Abrams*, 36 Wash. 587, 79 Pac. 204. Other contentions of appellants are wholly without merit, and do not require discussion. We are of the opinion that the decree of the learned trial court should be affirmed, and it is so ordered.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.