[No. 15309.   Department One.   August 8, 1919.]

CHARLES BONO *et al.*, *Appellants*, v. GEORGE WARNER, *Respondent*.[1]

LANDLORD AND TENANT (12-1)—LEASE—MODIFICATION—QUESTION FOR JURY.  In a landlord's action for damages for the tenant's failure to summer-fallow half of the land each year, whether the lease was modified by an agreement was for the jury, where the defendant testified that the cropping of the east half two years in succession was with plaintiffs' consent and approval.

Appeal by plaintiffs from a judgment of the superior court for Walla Walla county, Mills, J., entered April 5, 1918, in favor of the plaintiffs for the sum of $515, upon setting aside a special finding of a jury in favor of the defendant.   Affirmed.

*John C. Hurspool,* for appellants.

*Rader & Barker,* for respondent.

MAIN, J.—By this action the plaintiffs, the owners of certain farm land, sought to recover damages from the defendant, the tenant, for failure to till the land in accordance with the terms of the lease contract.   In the defendant's answer, there were a number of affirmative defenses pleaded in the nature of counterclaims. One of these affirmative defenses claims $500 for money advanced for the purchase of forty acres of land, not covered by the lease, for and on behalf of the plaintiffs.   The cause was tried to the court and a jury.   The jury answered three special interrogatories submitted to them.   The answer to one of the interrogatories was to the effect that the defendant had purchased the forty acres of land referred to and paid the sum of $500 therefor, for and on behalf of the plaintiffs.   A general verdict in the sum of $15 was

rendered in favor of the plaintiffs. The plaintiffs moved for a new trial on various grounds, and also for an order vacating and setting aside the special finding against the plaintiffs for $500 on account of the purchase of the forty acres of land. The court required the defendant to consent to the setting aside of the special verdict and the entry of a judgment for $515, otherwise a new trial would be granted. This was on the ground that there was no evidence to sustain the special finding. The defendant made the election required and judgment was entered in favor of the plaintiffs in the sum of $515. From this judgment, the plaintiffs appeal.

The appellants were the owners of a tract of land in Walla Walla county consisting of approximately seven hundred acres, about six hundred of which were or could be cultivated. Under the lease by which the respondent was occupying the land, it was to be devoted to wheat raising. The lease provided that approximately half of the tillable land should be summer-fallowed during the year 1915 and a crop produced thereon in the following year, and that the other half should be summer-fallowed in 1916, for a crop in 1917, and so on thereafter during the term of the lease. By summer-fallowing was meant so treating the land that it would be in proper condition for seeding and the production of a crop the following year. The respondent went into possession in the year 1915, and produced a crop on what is referred to as the east half of the land during the year 1916. During the latter year, he did not summer-fallow the other or what is referred to as the west half. Neither did he do any summer-fallowing the succeeding year.

The action was brought to recover damages for the failure to summer-fallow as required by the lease. The jury, in a special finding, awarded damages in a

substantial amount for the year 1918, and this was embodied in the judgment. The controversy here is over the failure of the jury to award damages for the year.1917. During that year, as already pointed out, the west half, not being in crop, should have been summer-fallowed, but this was not done. The defendant in his answer pleaded that, by agreement of the parties, the portion of the land which had been cropped in 1916 was prepared for a crop the succeeding year; in other words, that, by agreement of the parties, the east half was to be cropped two years in succession. The appellants claim that no such agreement was made. This question, if there was substantial evidence to support the respective contentions, was one for the jury, under proper instructions by the court. One of the errors claimed is that the court refused to give the appellants' requested instructions upon this matter. In the instructions given, however, the question is covered, and we think sufficiently. The question whether the east half was farmed two years in succession by agreement of the parties was, by the instructions given, submitted to the jury. Whether there was evidence that was undisputed, if there had been no such agreement, which would sustain a substantial verdict and judgment, it does not seem necessary here to inquire.

There was much evidence by the respective parties upon the character of the land referred to as the west half, which was not summer-fallowed, and the probabilities of the kind of a crop that might have been produced thereon had the same been summer-fallowed and seeded. But it is unnecessary to pursue this question. If there was evidence that there had been a modification of the lease by agreement, the respondent would not be liable for the failure to summer-fallow and seed the west half, as required by the lease. It is

argued that the evidence shows there was no waiver or modification of the terms of the lease. The defendant testified that the discing of the east half during the fall of the year 1916 which had produced a crop that year, and seeding it the next succeeding year was with the consent and approval of the appellants or their authorized agent. It seems to us that the question whether there was a modification was one for the jury.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.