[No. 16322. Department Two. September 1, 1921.]

M. McINNIS *et al., Appellants,* v. B. A. WATSON,
*Respondent.*[1]

FRAUDS, STATUTE OF (44)—OPERATION OF STATUTE—MODIFICATION
OF LEASE. Under the rule that a contract required by law to be in
writing cannot be modified by parol, excepting that an oral modifi-
cation which has been performed may be set up as a defense, in an
action on a farming lease requiring a portion of the crop to be paid
as rental, the lessee cannot prove a verbal modification of the lease
tending to reduce the rental, where there was no showing of any-
thing done in performance of such alleged oral modification.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered June 9, 1920,
upon the verdict of a jury rendered in favor of the
defendant upon his counterclaim, in an action on con-
tract. Reversed.

*J. W. Brooks,* for appellants.

*Reynolds & Bond,* for respondent.

MACKINTOSH, J.—By written lease, the appellants
rented farming land to the respondent for a term of
years, the rent to be paid by a portion of the crop.
This action was begun to recover damages for failure
to deliver certain portions of the rent and for failure
to harvest portions of the crop. To the complaint the
respondent filed an answer which contained, among
other things, the allegations that there had been a
verbal modification of the lease whereby the rental
had been reduced, in that it is alleged the appellants
agreed to pay for the sacks in which the portion of the
crop coming to them for rent was to be delivered, this
agreement having been made to induce the respond-
ent to continue the lease. The respondent also plead
a counterclaim for the value of the sacks. The case was

[1]Reported in 200 Pac. 578.

tried to a jury, and resulted in a verdict for the respondent on the counterclaim.

The evidence shows that, after the rent had been paid by the respondent for a time, he discovered that, on account of the rolling character of the land (his counsel justifies this description of the land by the fact that, in attempting to harvest the crop, the whole crew, header and horses rolled over into the canyons below the property), it was impossible, under the lease, to make any profit, and being discouraged, the modification above referred to was made by the appellants and the respondent, and under this modification he continued to farm the land for another year.

Many errors are assigned by the appellants which relate to the ruling out of opinion testimony, and the admission of testimony as to the meaning of terms in the lease, and to instructions given; it is unnecessary to review these various assignments, as a careful examination of the record relating to them, in our opinion, shows no error. The important question in the case is as to whether the testimony concerning the verbal modification of the written lease was admissible.

The general rule is that a contract which, under the law, is required to be in writing may not be modified by parol. It should be borne in mind that we have not here under consideration the right to modify by parol an original contract that was in fact reduced to writing but was not required to be so by law. Some states have departed from the general rule and their decisions are in direct variance with it, as, for example, *Nonomaker v. Amos*, 73 Ohio St. 163, 76 N. E. 949, 112 Am. St. 708, 4 L. R. A. (N. S.) 980; *Wilson v. Peoples' Gas Co.*, 75 Kan. 499, 89 Pac. 897. In other states the general rule has been modified by special statutory provisions, as, for example, California,

§ 1698 of whose civil code provides that "a contract in writing may be altered by a contract in writing or by an executed oral agreement and not otherwise." A similar provision occurs in the statutes of North Dakota, South Dakota, Oklahoma and Montana. In this state the rule was early adopted and has been followed since, that a contract modifying or abrogating a prior contract, required by statute to be in writing, must itself be in writing to be obligatory. *Spinning v. Drake,* 4 Wash. 285, 30 Pac. 82, 31 Pac. 319; *Thill v. Johnston,* 60 Wash. 393, 111 Pac. 225. In *Gerard-Fillio Co. v. McNair,* 68 Wash. 321, 123 Pac. 462, this rule was followed, with the modification that "an executed oral contract to modify or abrogate a written contract, required by statute to be in writing, can be successfully pleaded as a defense to an action on the original contract." In *Oregon & Wash. R. Co. v. Elliott Bay Mill & Lum. Co.,* 70 Wash. 148, 126 Pac. 406, it was held that, in a case where the contract was required to be in writing, an oral modification which had been performed and was recognized by the subsequent forbearance of the appellant might be proven. See, also, *Farley v. Letterman,* 87 Wash. 641, 152 Pac. 515; *Stoner v. Fryett,* 91 Wash. 89 157 Pac. 213; *Woolen v. Sloan,* 94 Wash. 551, 162 Pac. 985; *Clements v. Cook,* 112 Wash. 217, 191 Pac. 874.

As we view it, there is no question presented in this record as to whether there was such performance or part performance of the modification, or such acts as amounted to an estoppel against the appellants, as to bring this case within the rule which allows oral modifications of written contracts, required by law to be in writing, to be testified to. There was nothing done in this case in regard to the modification of the rental requirements which would amount to a performance

or part performance, for that must consist in the doing or the suffering of something not required to be done or suffered by the terms of the original writing.

Attention is called to the case of *Bono v. Warner,* 108 Wash. 180, 182 Pac. 946, where a question was submitted to the jury as to whether there had been a verbal modification of a lease such as we have before us in this case. An examination of the opinion in that case and the record discloses no question there raised as to the admissibility of the evidence of modification, the claim being that no modification had in fact been made. That case, therefore, is not authority upon the point under discussion.

By reason of the fact that the court allowed the evidence of the verbal modification of the lease to be introduced, the judgment is reversed.

PARKER, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.