[No. 18090. Department One. February 28, 1924.]

STANLEY ANDERSON *et al., Respondents,* v. F. W. ANDERSON *et al., Appellants.*[1]

VENDOR AND PURCHASER (43) — RESCISSION — SUBSEQUENT AGREEMENT. Where the evidence fails to show a meeting of the minds of the parties as to any agreement for mutual rescission of the purchase of land, a finding that "there was an attempted oral rescission . . . but same was not sufficiently acted upon," does not establish an oral rescission.

SAME (44)—FRAUDS, STATUTE OF (44)—ORAL AGREEMENT—PART PERFORMANCE. An oral rescission of a written contract for the purchase of lands is within the statute of frauds and ineffectual unless acted upon and partly performed.

SAME (69)—RESCISSION BY VENDEE—TIME FOR, AND LACHES. The failure of vendors to execute papers necessary to a renewal of a mortgage, did not authorize the vendee to rescind the contract, where the conditions precedent had not yet arisen for the execution of such papers, on account of the vendee's default in the payment of interest and in securing the assent of the mortgagee, which excused the vendor's nonperformance.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 4, 1923, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*D. R. Glasgow,* for appellants.

*W. F. Morrison* and *Hanna, Miller & Hanna,* for respondents.

[1]Reported in 223 Pac. 323.

PARKER, J.—The plaintiffs, Stanley Anderson and wife, seek recovery of an installment of $2,000 and interest claimed to be due to them from the defendants, F. W. Anderson and E. E. Mayer, as a portion of the purchase price under a contract by which the plaintiffs agreed to sell, and the defendants agreed to purchase, a tract of land in Spokane county. A trial in the superior court for that county, sitting without a jury, resulted in findings and judgment awarding to the plaintiffs recovery as prayed for, from which the defendants have appealed to this court.

On January 19, 1922, the plaintiffs, being the owners of the land in question, subject to a mortgage securing an indebtedness of $5,000 and interest owing to the Phoenix Mutual Life Insurance Company, entered into a written contract for the sale of the land to the defendants. The agreed purchase price was $12,091.50, to be paid by the defendants assuming the payment of the principal and interest on the mortgage debt, which was to mature November 1, 1922; and $2,000 to be paid on November 1, 1922; $2,000 on November 1, 1923; $2,000 on November 1, 1924, and $1,091.50 on November 1, 1925, with interest on these installments until paid. It being contemplated that the defendants might desire to have the mortgage loan renewed upon maturity, they agreed "to assume responsibility for the renewal thereof when the same matures;" the plaintiffs, however, agreeing to aid the defendants in securing such renewal in so far as it might be necessary for the plaintiffs to execute "such papers as may be required to accomplish such result." It was so agreed manifestly because the principal of the mortgage debt was to become due on November 1, 1922, when the record title to the land would still be in the plaintiffs. The contract further recited and provided as follows:

"Parties of the first part [plaintiffs] have this day executed a warrany deed in favor of parties of the second part [defendants], subject only to the mortgage hereinabove referred to, which deed together with a copy of this contract, shall be placed in escrow in the Security State Bank of Palouse, Wash., where the payments provided for hereunder shall be made, and conditioned that upon full compliance with the terms of this contract, said deed shall be delivered to parties of the second part."

The deed so executed and a copy of the contract were accordingly placed in escrow with the Security State Bank of Palouse. The first installment of $2,000 and interest being unpaid, on January 13, 1923, the plaintiffs commenced this action, seeking recovery from the defendants of the amount of that installment, and also interest claimed by them to be then due upon all of the installments. At .that time the defendants were in default in the payment of the principal of the mortgage debt and a considerable portion of the interest thereon. Evidently because of this fact a renewal of the mortgage could not be obtained from the insurance company, at least not until the interest should be paid. However, as we think the record clearly shows, the plaintiffs were ready and willing to execute any papers necessary to accomplish such renewal. All that the defendants had to do to that end was to pay the interest and induce the insurance company to accede to such renewal of the mortgage, as to which they had agreed "to assume responsibility." The trial court found "that there was an attempted oral rescission of the contract, but same was not sufficiently acted upon."

The principal contention here made in behalf of the defendants seems to be that there was a mutual, oral rescission of the contract. The finding of the trial court on that subject touching the question of whether

or not there was in fact such an agreement between the
parties goes no farther than finding that there was
"an attempted rescission." Viewing this finding in
the light of the evidence, purely as a question of fact
as to whether or not the minds of the parties so met,
it seems to us that the trial judge must have meant
thereby nothing more than that the defendants at-
tempted to so effect a rescission of the contract, since
the evidence, it seems to us, wholly fails to show a
meeting of the minds of the parties as to any agree-
ment for mutual rescission, with that degree of cer-
tainty required in cases of this nature. But if we are
in error in this view as to the failure of the meeting of
the minds of the parties evidenced by their oral ex-
pressions, still the statute of frauds stands in the way
of any such orally agreed rescission becoming in law
effective, since the evidence, we think, as the trial court
manifestly did, wholly fails to show any acts of part
performance on the part of any of the parties with
reference to any such oral agreement, or any acts done
by either of them in pursuance of any such oral agree-
ment placing either of them in any different position,
so far as prejudicing their rights is concerned, with
reference to the subject-matter of the contract. The
original contract being in writing, and the subject-
matter being such as to require it to be in writing, any
agreement for rescission of it must also be in writing,
unless a mutual, oral rescission of it be rendered ef-
fective by part performance. *Woolen v. Sloan,* 94
Wash. 551, 162 Pac. 985; *McInnis v. Watson,* 116 Wash.
680, 200 Pac. 578.

Some contention seems to be made in behalf of the
defendants rested upon the theory that the plaintiffs
neglected and refused to execute papers necessary to
the renewal of the mortgage, and that thus the defend-

ants were privileged to elect to rescind the contract as for default upon the part of the plaintiffs. This, we think, is effectively answered by the fact that the defendants failed to pay the interest on the mortgage debt and failed to induce the insurance company to assent to a renewal of the mortgage. Any failure of the plaintiffs to execute papers necessary to the renewal of the mortgage becomes of no consequence in view of this fact. Conditions had not arisen where it became necessary for the plaintiffs to execute any such papers looking to the renewal of the mortgage. The failure of the necessary conditions precedent to the obligation of the plaintiffs to execute such papers was wholly the fault of the defendants themselves. By express agreement in the contract they assumed the responsibility of inducing the insurance company to assent to a renewal of the mortgage. Not having done this, they manifestly cannot complain of the plaintiffs' neglect to execute the necessary papers to that end. Besides, we are convinced, as the lower court manifestly was, that the plaintiffs have at all times been ready and willing to execute such papers whenever the defendants would place themselves in such a position that they would be entitled to have such papers executed.

The judgment is affirmed.

MAIN, C. J., TOLMAN, HOLCOMB, and MACKINTOSH, JJ., concur.