[No. 18518. Department One. July 29, 1924.]

HARRY W. CAMERON *et al., Respondents,* v. W. H. PURBAUGH *et al., Appellants.*[1]

EVIDENCE (148) — PAROL EVIDENCE AFFECTING WRITINGS — CONTRACTS FOR SALE OF LAND. It is inadmissible to vary the statements of written contracts for the sale of land by oral evidence to the effect that the vendors would not insist upon payments as they became due.

VENDOR AND PURCHASER (53)—RESCISSION BY VENDOR—ELECTION AND NOTICE—REASONABLENESS. Whether twelve days was a reasonable notice of an intention to declare a forfeiture of a contract for the sale of land, after waiving payments for two years, cannot be questioned by the vendees, and is waived, where objection was not made at the time, but the same was complied with by entering into a new agreement permitting the vendees to remain in possession as tenants.

Appeal from a judgment of the superior court for King county, Smith, J., entered September 15, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Reversed.

*John F. Murphy* and *John A. Homer,* for appellants.
*Wm. L. Waters* and *Byers & Byers,* for respondents.

[1]Reported in 227 Pac. 858.

MACKINTOSH, J.—Appellants being the owners of a farm, entered into a contract whereby they agreed to sell it to the respondents who were to make certain annual installment payments on the principal, to pay the taxes and assessments levied against it, time being of the essence of the contract. The respondents entered into possession and did not make the payments of principal as they came due, the appellants not insisting upon a strict performance; nor were the interest, taxes and assessments paid according to the terms of the contract. The respondents were in possession over two years and eight months, when the appellants and respondents had a meeting on September 12, at which the question of back taxes, assessments and delinquencies on the principal installment and interest were discussed; and the following day the appellants served notice upon the respondents to declare an intention to forfeit the respondents' contract for failure to comply with its terms, and stated that unless the delinquent payments were paid on or before September 25, the appellants would declare the contract cancelled and a forfeiture of all the payments made.

On September 29, the notice not having been complied with, the appellants served the respondents with a notice declaring all of the respondents' interest in the premises forfeited, and demanded immediate possession. In compliance with this notice, appellants and respondents entered into an agreement whereby the respondents continued to occupy the premises as tenants on monthly rental for the following four months. In October the respondents began this action to recover damages for the alleged breach of the contract by the appellants, as modified by certain verbal agreements. From a judgment against them, the appellants bring the record here for review.

The first error assigned is that the court admitted, over the appellants' objection, the testimony of respondents with respect to alleged oral agreements or statements varying and modifying the written contract to the effect that the appellants would not insist on the payments being made as they became due under the contract. This assignment covers the admission of a great deal of testimony, consisting of conversations at various times and places and letters passing between appellants and respondents regarding efforts made by the respondents to secure loans upon the property and matters of that nature. This testimony was inadmissible under the well established rule that contracts which, under the law, must be in writing, cannot be modified by oral testimony tending to show that the parties have altered the contract by making new conditions and terms. This is true unless, of course, the new contract has been so far performed as to take it out of the requirements that it be in writing. No such performance took place in this case. This rule has been stated in the following cases from this court: *Spinning v. Drake,* 4 Wash. 285, 30 Pac. 82, 31 Pac. 319; *Nichols v. Opperman,* 6 Wash. 618, 34 Pac. 162; *Brewer v. Cropp,* 10 Wash. 136, 38 Pac. 866; *Swash v. Sharpstein,* 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796; *Chamberlain v. Abrams,* 36 Wash. 587, 79 Pac. 204; *Reiff v. Coulter,* 47 Wash. 678, 92 Pac. 436; *Graves v. Graves,* 48 Wash. 664, 94 Pac. 481; *Thill v. Johnson,* 60 Wash. 393, 111 Pac. 225; *Gerard-Fillio Co. v. McNair,* 68 Wash. 321, 123 Pac. 462; *Reard v. Ephrata Orchards Homes Co.,* 78 Wash. 180, 138 Pac. 678; *Woolen v. Sloan,* 94 Wash. 551, 162 Pac. 985; *McInnis v. Watson,* 116 Wash. 680, 200 Pac. 578; *Anderson v. Anderson,* 128 Wash. 504, 223 Pac. 323, and numerous cases cited in those opinions.

The question then arises whether there was anything in the record which would entitle the respondents to recover. It is claimed that the appellants granted indulgences to the respondents in not enforcing strict performance in the way of payments as called for by the contract and that this amounted to a waiver of the conditions. We have often held that, where the obligee in a contract of this sort has accepted payments after the same became due and without objection, he is not then entitled to a forfeiture as provided for in the contract, but must accord to the obligor a reasonable time in which to perform; that strict performance by receiving those belated payments without objection is waived. See *Wadham v. McVicar*, 115 Wash. 503, 197 Pac. 616, where many prior decisions of this court are cited, including *Whiting v. Doughton*, 31 Wash. 327, 71 Pac. 1026; *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *Walker v. McMurchie*, 61 Wash. 489, 112 Pac. 500; *Opsjon v. Engebo*, 73 Wash. 324, 131 Pac. 1146; *Jones v. Grove*, 76 Wash. 19, 135 Pac. 488; *McGuire v. Morford*, 113 Wash. 540, 194 Pac. 783.

The question, then, is whether the notice of September 13 accorded the respondents reasonable time in which to make good their delinquencies. But, as we view this question, it does not call for an answer under the facts, as disclosed in this case, for the respondents have placed themselves in a position where they are unable to avail themselves of the lack of reasonableness of time, if that existed. When the notice was served upon them, they did not rest upon the theory that it gave them an unreasonable time to comply. Had they done so, they might raise the question now, but instead of that, they complied by admitting that the notice was reasonable and entered into a new agreement whereby

they remained in possession of the property as tenants. This was a waiver by them of any rights that they might have by reason of the defective notice. In order to avail themselves of what they now claim was the unreasonableness of the notice, they should have refused to comply with it and remained in possession when, in a proper proceeding, it would either have been determined that the notice was reasonable, in which event they would have been ousted of possession, or that the notice was unreasonable, when they would have been allowed to remain; but having decided to treat the notice as proper, it is too late for them now to assert that it was unreasonable.

For these reasons, the judgment of the court is reversed and the action dismissed.

MAIN, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.