**MILWAUKEE LAND CO. v. POE, Collector of Internal Revenue.**

District Court, W. D. Washington, S. D. June 15, 1928.

No. 5836.

1. **Internal revenue** ⟐⟹19(1)—**What constitutes lands, tenements, or other realty, within law creating tax on transfer thereof, is determinable by law of state where property is situated** (Revenue Act 1918, § 1107 [a7], Comp. St. § 6318p; Revenue Act 1921, § 1107 [a6], Comp. St. § 6318p; Revenue Act 1924, § 807 [a5], 26 USCA § 901 [a5]).

That which constitutes lands, tenements, or other realty, within meaning of Revenue Act 1918, § 1107 (a7), Comp. St. § 6318p; Revenue Act 1921, § 1107 (a6), Comp. St. § 6318p; Revenue Act 1924, § 807 (a5), Comp. St. § 6318p, 26 USCA § 901 (a5), creating tax on instruments conveying lands, tenements, or other realty, is to be determined by the law of the state in which the property is situated.

2. **Internal revenue** ⟐⟹19(1)—**Instruments conveying timber on lands, to be removed within reasonable time, held taxable as "realty"** (Rem. Comp. St. Wash. §§ 10550, 11101; Comp. St. 1919, Idaho, §§ 3101, 5325, 5373, 7974; Revenue Act 1918, § 1107 [a7], Comp. St. § 6318p; Revenue Act 1921, § 1107 [a6], Comp. St. § 6318p; Revenue Act 1924, § 807[a5], 26 USCA § 901 [a5]).

Written instruments, conveying all merchantable timber on certain described lands within the states of Washington and Idaho, and providing for actual severance and removal of timber within a reasonable time, constituting, under Rem. Comp. Stat. Wash. §§ 10550, 11101, and Comp. St. Idaho 1919, §§ 3101, 5325, 5373, 7974, a conveyance of real estate, a federal tax was recoverable, pursuant to Revenue Act 1918, § 1107 (a7), Comp. St. § 6318p, Revenue Act 1921, § 1107 (a6), Comp. St. § 6318p, Revenue Act 1924, § 807 (a5), Comp. St. § 6318p, 26 USCA § 901 (a5), imposing tax on instruments conveying lands, tenements, or other realty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

At Law. Action by the Milwaukee Land Company against Burns Poe, Collector of Internal Revenue. Judgment for defendant.

Geo. W. Korte and F. M. Dudley, both of Seattle, Wash., and Herbert S. Griggs, of Tacoma, Wash., for plaintiff.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. D. Wilson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for defendant.

CUSHMAN, District Judge. Plaintiff sues to recover from the collector of internal revenue a special tax assessed against plaintiff on account of certain unstamped written instruments, made in 1921, 1922, 1923, 1924, and 1925, by plaintiff, of timber in Washington and Idaho, upon lands then owned by it.

While the internal revenue laws of 1919, 1921, and 1924 are involved, there has been no change in the law to be considered herein. The sections below mentioned, describing the instruments subject to the stamp tax and fixing the amount thereof, read as follows:

"Deed, instrument, or writing, whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds $100 and does not exceed $500, 50 cents; and for each additional $500 or fractional part thereof, 50 cents. This subdivision shall not apply to any instrument or writing given to secure a debt."

The foregoing appears as section 1107, schedule a7, Act Feb. 24, 1919, 40 Stat. at Large, 1057–1137, Comp. Stat. Supp. 1919, § 6318p, p. 1287; as section 1107, schedule a6, Act Feb. 23, 1921, 42 Stat. at Large, 227–305, Comp. Stat. Supp. 1923, § 6318p, p. 1959, and as section 807, schedule a5, Act June 2, 1924, 43 Stat. at Large 355, Comp. Stat. Supp. 1925, § 6318p, p. 484, 26 USCA § 901(a5).

Plaintiff's contention is that the instruments executed by it were contracts for the sale of personal property, and not writings conveying lands, tenements, or other realty sold. If the contracts conveyed title to personal property, plaintiff should recover. If realty or an interest in realty was conveyed, defendant should prevail.

[1, 2] The parties are in agreement that that which constitutes lands, tenements, or other realty is to be determined by the law of the state in which the property is situated. There are 50 of these written instruments involved. While they are not identical in form, in so far as the question to be determined is concerned, no claim is made on account of any difference in them. In most instances the relevant language is:

"* * * And in consideration of the payments and performance of the conditions hereinafter contained by the said vendee, as hereinafter stipulated, does give, grant, bargain and sell unto the said vendee, subject to existing rights of way for public highways and railways, telegraph and telephone lines, all the merchantable timber standing, lying and now being on the following described land (but no interest in the land herein described is granted or conveyed by this instrument other than the right to cut and remove said timber within the time and upon the conditions herein prescribed), * * * to have and to hold said timber unto the said vendee, his successors and assigns forever, to wit: (1) Said vendor hereby covenants and agrees to and with the said vendee to warrant and defend the said timber unto the said vendee against the lawful claims and demands of all persons, except for public taxes hereafter payable. * * *"

No question is made but that the tax imposed was fixed with reference to the standing and growing timber only; no question is made but that the timber is by such instruments "conveyed."

Plaintiff cites: France v. Deep River Logging Co., 79 Wash. 336, 140 P. 361, Ann. Cas. 1916A, 238; Brodack v. Morsbach, 38 Wash. 72, 80 P. 275; Skamania Boom Co. v. Youmans, 64 Wash. 94, 116 P. 645; Healey v. Traction Co., 78 Wash. 628, 139 P. 609; Engleson v. Shingle Co., 74 Wash. 424, 133 P. 1030; Cushing v. Timber Co., 75 Wash. 678, 685, 135 P. 660, Ann. Cas. 1914C, 1239; Somers v. Pix, 75 Wash. 233, at page 236, 134 P. 932; Remington & Ballinger's Code, § 11101; Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Sterling v. Baldwin, 42 Vt. 306; Fairbanks v. Stowe, 83 Vt. 155, 74 A. 1006, 138 Am. St. Rep. 1074; Fish v. Capwell, 18 R. I. 667, 29 A. 840, 25 L. R. A. 159, 49 Am. St. Rep. 807; Leonard v. Medford, 85 Md. 666, 37 A. 365, 37 L. R. A. 449; Petey Mfg. Co. v. Morris, 118 Md. 91, 84 A. 238; Lodwick Lbr. Co. v. Taylor, 100 Tex. 270, 98 S. W. 238; North Texas Lbr. Co. v. McWhorter (Tex. Civ. App.) 156 S. W. 1152; Davis v. Conn (Tex. Civ. App.) 161 S. W. 39; Fletcher v. Lyon, 93 Ark. 5, 123 S. W. 801; Carson v. Lbr. Co., 108 Tenn. 681, 69 S. W. 320; McNair & W. Land Co. v. Parker, 64 Fla. 371, 59 So. 959; Hirth v. Graham, 50 Ohio St. 57, 33 N. E. 90, 19 L. R. A. 721, 40 Am. St. Rep. 641;

Owens v. Lewis, 46 Ind. 488, 15 Am. Rep. 295; Midyette v. Grubbs, 145 N. C. 85, 58 S. E. 795, 13 L. R. A. (N. S.) 278; Clarke Bros. v. McNatt, 132 Ga. 610, 64 S. E. 795, 26 L. R. A. (N. S.) 585; 17 R. C. L. p. 1073. See, also, 17 R. C. L. pp. 1070, 1071; Hendrickson v. Lyons, 121 Wash. 632 at 637, 638, 209 P. 1095; Myers v. Arthur, 135 Wash. 583, at 586, 238 P. 899.

In addition to the foregoing, defendant cites: Seymour v. LaFurgey, 47 Wash. 450, 92 P. 267; Thill v. Johnston, 60 Wash. 393, 111 P. 225; Emerson v. Shores, 95 Me. 237, 49 A. 1051, 85 Am. St. Rep. 404; Bolland v. O'Neal, 81 Minn. 15, 83 N. W. 471, 83 Am. St. Rep. 362; Butterfield Lbr. Co. v. Guy, 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540; Giles v. Simonds, 15 Gray (Mass.) 441, 77 Am. Dec. 373; Lee Lbr. Co. v. Hotard, 122 La. 850, 48 So. 286, 129 Am. St. Rep. 368.

Section 11101, Remington's Comp. Stat. of Wash., provides: "Standing timber owned separately from the ownership of the land upon which the same may stand or be growing, for the purposes of assessment and taxation shall be considered and is hereby declared to be personal property."

The corresponding statute of Idaho differs diametrically from the foregoing, and is as follows:

Section 3101, Comp. Statutes Idaho 1919:

"Real property for the purposes of taxation shall be construed to include land, and all standing timber thereon, including standing timber owned separately from the ownership of the land upon which the same may stand. * * * "

Both of these sections are for the guidance of state officers in the assessment and taxation of property where the land, except the timber, may be in one ownership and the timber thereon in another.

The stamp tax now being considered is one upon written conveyances of realty, and therefore whether standing timber is realty or not is to be determined, rather under those laws regulating the transfer of realty and the cases construing them, than in the light of statutes of the nature of the foregoing sections. Section 10550 of Remington's Comp. Stat. of Washington, provides: "All conveyances of real estate or of any interest therein, and all contracts creating or evidencing any incumbrance upon real estate shall be by deed."

It is stipulated that each of these conveyances makes provision for the actual severance and removal of the timber from the land within a reasonable time. It may be con-

ceded that under the decisions of the Supreme Court of the State of Washington each conveyance effected a constructive severance of the timber, and that in each instance it thereby became personal property. The foregoing concession, however, does not control the determination of the issue. The question really is, whether until so constructively severed, the timber and land being in the same ownership, the timber is realty, to be conveyed by deed, or personalty. In so far as the timber conveyed in Washington is concerned, the decision of its courts have concluded the matter.

In France v. Deep River Logging Co., 79 Wash. 336, at page 339, 140 P. 361, 362 (Ann. Cas. 1916A, 238), the court says:

"* * * Counsel for appellant first contended that respondents' tax deed did not convey to them the title to the timber upon the land, because the timber was constructively severed from the land and became personal property by the conveyance of Dyer to Mooers in 1892. Prior to the act of 1907 (Rem. & Bal. Code, § 9095; P. C. 501, § 23), which became the law long after the assessment and levy of the taxes upon which respondents' foreclosure and deed rests, we had no statute law touching the question of standing timber being real or personal property for purposes of assessment and taxation when separately owned. It is elementary law that standing timber is real property—as much so as the land on which it stands—when the title to both the timber and the land is vested in one ownership. It may now be regarded as the settled law of this state, in harmony with the decided weight of authority elsewhere, that conveyance of standing timber, with the right of entry upon the land and removal of the timber therefrom in the future, whether the time of removal be measured by stated or reasonable time, is within our statute requiring conveyances of real estate or any interest therein to be by deed. Rem. & Bal. Code §§ 8745, 8746 (P. C. 143, §§ 1, 3); Seymour v. LaFurgey, 47 Wash. 450, 92 P. 267; Thill v. Johnston, 60 Wash. 393, 111 P. 225; Engleson v. Port Crescent Shingle Co., 74 Wash. 424, 133 P. 1030; 20 Cyc. 212; Ives v. Atlantic & N. C. R. Co., 142 N. C. 131, 55 S. E. 74, 115 Am. St. Rep. 732 [9 Ann. Cas. 188]; see note to this case in 9 Ann. Cas. 192.

"It is plain, therefore, that the timber here involved was, in any event, real property until conveyed by Dyer to Mooers in 1892, and that its conversion into personal property depends entirely upon the effect of that conveyance. Manifestly, the timber did.

not become personal property unless it became such by virtue of that conveyance. The conveyance by Mooers to appellant thereafter had no effect upon this question. * * * If this property right acquired by Mooers and his grantee, appellant, became personal property by Dyer's conveyance, manifestly, it then ceased to be an interest in real estate, and could thereafter be conveyed otherwise than by deed; interest in real estate being required to be so conveyed by Rem. & Bal. Code, §§ 8745, 8746 (P. C. 143, §§ 1, 3), leases for less than one year being the only exception (Rem. & Bal. Code, § 8802 P. C. 295, § 1)."

See, also, Beckman v. Brickley, 144 Wash. 558 at 561, 258 P. 488.

The laws of Idaho, other than section 3101, supra, are:

Section 5325: *"Real Property Defined.—* Real property or real estate consists of:

"1. Lands, possessory rights to land, ditch and water rights, and mining claims, both lode and placer.

"2. That which is affixed to land.

"3. That which is appurtenant to land."

Section 5373: *"Conveyance—How Made.* —A conveyance of an estate in real property may be made by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing."

Section 7974: *"Transfers of Real Property to be in Writing.*—No estate or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

The court of Idaho not appearing to have considered this question, the court will hold with the weight of authority, unless to do so it is convinced would be to err. While counsel for both plaintiff and defendant claims the weight of authority favors his side of the case, from an examination of the authorities, including those cited, it is clear that as stated by the court in France v. Deep River Logging Company, supra, "the decided weight of authority" is to the effect " * * * that conveyance of standing timber, with the right of entry upon the land and removal of the timber therefrom in the future, whether the time of removal be measured by stated or reasonable time, is within our statute requiring conveyances of real estate or any interest therein to be by deed."

The findings, conclusions, and judgment will be prepared in defendant's favor and presented upon notice.